IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

LLOYD D. MEDLEY,                )
                                )
        Plaintiff,               )
                                )
v.                              )     No. 2:06-CV-71
                                )
LUTHER E. GARMIN,               )
                                )
        Defendant.               )

## MEMORANDUM OPINION

This diversity lawsuit is before the court on the defendant's motion for partial summary judgment [doc. 42]. The plaintiff has responded [doc. 47], and the defendant has filed a reply brief [doc. 49]. The court finds that oral argument on the motion is not necessary and for the reasons discussed below the motion will be granted.

This civil action involves a motor vehicle accident that occurred in Greene County, Tennessee. The unchallenged facts are that the defendant was driving a motor home, stopped at a stop sign before attempting to cross two lanes of a four-lane highway, and looked to his left but did not see the plaintiff's vehicle approaching. The defendant drove the motor home across the two east-bound

lanes and was hit by the plaintiff. The defendant has filed notice with the court that he "concedes the issue of liability for compensatory damages. He denies the existence of issues of fact upon which a claim for punitive damages can be submitted to the trier of fact." Doc. 45.

The defendant argues in his motion for summary judgment that the plaintiff cannot show by clear and convincing evidence that his actions were "reckless" within the meaning of Tennessee law. In *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 (Tenn. 1992), the Tennessee Supreme Court held that punitive damages may be awarded only if the plaintiff establishes that the defendant has acted either "(1) intentionally, (2) fraudulently, (3) maliciously, or (4) recklessly." Only the last of these wrongs applies in this case. The Court defined the term "recklessly as follows:

> A person acts recklessly when the person is aware of, but consciously disregards, a substantial and unjustifiable risk of such a nature that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances. Further, because punitive damages are to be awarded only in the most egregious of cases, a plaintiff must prove the defendant's intentional, fraudulent, malicious, or reckless conduct by clear and convincing evidence.[1]

---

[1] The Court defined clear and convincing evidence as that "evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Hodges*, 833 S.W.2d at 901, n. 3.

2

*Id.* The defendant accepts that there may be issues of fact concerning whether sunlight interfered with his ability to see the plaintiff's vehicle and where in the roadway the plaintiff's vehicle struck the defendant's motor home. But, the defendant argues that there are no issues of fact that he acted recklessly as that term is defined, and punitive damages are not appropriate. He admits that he was negligent, but contends that he did not consciously disregard a known risk.

In response, the plaintiff argues that the defendant "should have" seen his vehicle approaching, and this makes the defendant's actions reckless. The plaintiff says that the defendant either recklessly failed to look or saw the plaintiff's vehicle and "recklessly disregarded" what he saw and drove across the road anyway or recklessly crossed the road when he could not see because of the sun. The first two of the plaintiff's suppositions, however, are not supported by the facts. The defendant testified in his deposition that he stopped at the stop sign and looked to his left for oncoming traffic, but did not see a vehicle coming. The plaintiff testified in his deposition that he did not see whether the defendant stopped at the stop sign and that he did not even see the motor home until right before he hit it. Thus, the defendant's testimony about stopping and looking is not challenged in any way. The last of the plaintiff's suppositions could not, on its own, support a finding of recklessness.

On the record before the court, there is no clear and convincing evidence that the defendant acted recklessly, and punitive damages are not

3

appropriate in this case. The defendant's motion for partial summary judgment will be granted. An order reflecting this opinion will be entered.

ENTER:

*s/ Leon Jordan*
United States District Judge